IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No.  PWG-20-0262 |
| JOHNNIE CURRIE | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MOTION TO SUPPRESS STATEMENTS

Mr. Johnnie Currie, through undersigned counsel, hereby moves this Honorable Court pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure to suppress any and all statements, admissions, and confessions ("statements") allegedly given by Mr. Currie, whether oral, written or otherwise recorded, which the government proposes to use as evidence at trial.  In support whereof, Mr. Currie states as follows:

1. Mr. Currie is charged in a three-count indictment alleging Kidnapping, Assault with a Dangerous Weapon with Intent to Do Bodily Harm, and Assault Resulting in Serious Bodily Injury.

2. Discovery indicates that Mr. Currie allegedly made certain statements to law enforcement.  This motion seeks to exclude all alleged statements which the government may seek to introduce at trial, whether or not such statements are yet known to counsel or are specified herein.  However, without limitation, the following alleged statements are specifically at issue: (A) statements allegedly made by Mr. Currie to law enforcement officers on February 20, 2020; (B) statements allegedly made by Mr. Currie to law enforcement officers on February 21, 2020.

3. Mr. Currie is entitled to a hearing regarding the voluntariness of any alleged statements in accordance with the provisions of 18 U.S.C. § 3501 and the principles set forth in *United States v. Inman*, 352 F.2d 954 (4th Cir. 1965).  If, at such hearing, the government fails to establish that such statements were not obtained in violation of Mr. Currie's privilege against

self-incrimination, nor his right to counsel as guaranteed by the Fifth and Sixth Amendments to the United States Constitution, nor the Supreme Court's holding in *Miranda v. Arizona*, 384 U.S. 436 (1966), *and* were not otherwise involuntary, *see Mincey v. Arizona*, 437 U.S. 385 (1978); *McNabb v. United States*, 318 U.S. 332 (1943), such statements should be suppressed.

4. Based on material received in discovery, it appears that on February 20, 2020 two or three United States Park Police officers (one officer, one sergeant, one detective) arrived at Mr. Currie's workplace with a search warrant for his vehicle. During the course of this encounter, Mr. Currie was questioned and allegedly made statements in response to this questioning.

5. Also based on material received in discovery, it appears that on February 21, 2020, Mr. Currie appeared at a United States Park Police station and was questioned by two detectives. In response to this questioning, Mr. Currie made statements that the government may seek to introduce at trial.

6. Under the totality of the circumstances, (1) each of these statements was the product of a custodial interrogation and therefore subject to the rule of *Miranda v. Arizona*, 384 U.S. 436 (1966); (2) Mr. Currie did not make a knowing and voluntary waiver of his rights against self-incrimination and to counsel during custodial interrogations under the Fifth Amendment to the United States Constitution; and (3) Mr. Currie's statements were otherwise involuntary. In determining whether a *Miranda* waiver or a statement itself is involuntary:

> "The proper inquiry is whether the defendant's will has been overborne or his capacity for self-determination is critically impaired." *United States v. Braxton*, 112 F.3d 777, 780–81 (4th Cir. 1997) (en banc) (internal quotation marks and citations omitted). "The Government bears the burden of proving by a preponderance of the evidence that the statement was voluntary." *Braxton*, 112 F.3d at 781 (citing *Lego v. Twomey*, 404 U.S. 477, 489, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972)).

*United States v. Giddins*, 858 F.3d 870, 881 (4th Cir. 2017).

**WHEREFORE**, Mr. Currie moves that all statements, admissions and confessions which the government proposes to use as evidence against him, whether oral, written or otherwise recorded, be suppressed.

        Respectfully submitted,

        JAMES WYDA
        Federal Public Defender

        /s/
        DOUGLAS R. MILLER (Bar # 18309)
        Assistant Federal Public Defender
        6411 Ivy Lane, Suite 710
        Greenbelt, Maryland 20770-4510
        Phone: (301) 344-0600
        Fax: (301) 344-0019
        Email: douglas_miller@fd.org

## REQUEST FOR HEARING

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, a hearing is requested on Defendant's motion.

        /s/
        DOUGLAS R. MILLER (Bar # 18309)
        Assistant Federal Public Defender