IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No. DLB-20-262 |
| JOHNNIE CURRIE, | * | |
| Defendant. | * | |

**MEMORANDUM**

Johnnie Currie is serving a 46-month sentence in federal prison for assault with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C. § 113(a)(3), and assault resulting in serious bodily harm, in violation of 18 U.S.C. § 113(a)(6). He seeks compassionate release from prison. He has not shown he is entitled to this relief.

**I.      Background**

On February 9, 2020, Currie got into an argument with a woman he was driving to work, threw a bottle of lemonade at her, locked the car doors so she could not exit the vehicle, and then threatened to crash the vehicle and kill her. ECF 67-1. He shouted at her, told her to get out of the vehicle, and then locked the doors again so that she could not exit. *Id.* While driving on the Baltimore-Washington Parkway, he cut the victim's thigh with a box cutter and, with a hot cigarette lighter, threatened to set fire to the shirt that she used to cover her wound. *Id.* Finally, he allowed her to exit the car at an emergency room, where she received 25 stitches to close the thigh wound. *Id.*

On June 1, 2022, Currie pled guilty to Counts Two and Three of the Indictment, which charged him with assault with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C. § 113(a)(3), and assault resulting in serious bodily harm, in violation of 18 U.S.C. § 113(a)(6). ECF 66, 67. On September 21, 2022, Currie was sentenced to 46 months'

imprisonment on Count Two and a concurrent term of 46 months' imprisonment on Count Three, for a total term of 46 months' imprisonment, followed by three years of supervised release on each Count, for a total term of three years of supervised release. ECF 80.

On May 18, 2023, Currie filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) on compassionate release grounds because he is not receiving anger management classes and mental health services and he believes he could receive the services he needs on home confinement. ECF 82. The Federal Public Defender declined representation. ECF 84.

Because Currie has not shown extraordinary and compelling reasons for a sentence reduction, his motion for compassionate release is denied.

## II. Discussion

Generally, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also United States v. Ferguson*, 55 F.4th 262, 267 (4th Cir. 2022). However, the First Step Act, enacted in December 2018, permits courts to reduce a prison sentence on a defendant's motion if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); First Step Act, Pub. L. 115-391 § 603(b), 132 Stat. 5239 (2018). If these criteria are met, the court then considers the applicable factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A).

### A. Extraordinary and Compelling Reasons

The United States Sentencing Commission's Policy Statement, as amended on November 1, 2023, provides that "extraordinary and compelling reasons" for release exist when (1) the defendant has a terminal illness or a serious physical or mental health condition that substantially and permanently diminished the defendant's "ability . . . to provide self-care" or that requires

"long-term or specialized medical care" that the prison is not providing, or there is or imminently will be an infectious disease outbreak or public health emergency at the facility where the defendant is housed, the defendant is at an increased risk of severe medical complications or death from exposure, and that risk cannot be mitigated; (2) the defendant is at least 65 years old and other criteria are met; (3) "the caregiver of the defendant's minor [or incompetent] child" dies or is incapacitated; the defendant's spouse, registered partner, parent, immediate family member, or other "individual whose relationship with the defendant is similar in kind" is incapacitated and there is no other available caregiver; (4) someone in custody or control of the defendant, while they were serving the sentence they seek to reduce, sexually abused them or caused "serious bodily injury" from physical abuse; (5) "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)"; or (6) the defendant has served at least 10 years of an unusually long sentence. U.S.S.G. § 1B1.13(b)(1)–(6). Under subpart (5), the court has "broad discretion . . . to consider a wide array of extraordinary and compelling justifications for release." *United States v. Brown*, No. JKB-08-cr-415, 2023 WL 8653179, at *2 (D. Md. Dec. 13, 2023); *see also United States v. McCoy*, 981 F.3d 271, 288 (4th Cir. 2020) (noting, before § 1B1.13 was amended, the court makes a discretionary determination of whether extraordinary and compelling reasons justify reduction of a sentence).

Currie argues that the Bureau of Prison's failure to provide him with anger management and mental health programming is an extraordinary and compelling reason for a reduction in sentence. It is not. The Court recommended that Currie participate in the residential drug treatment program or any substance abuse program for which he may be eligible and that he participate in

3

any appropriate mental health evaluation and treatment program with an anger management component. ECF 80. BOP's alleged failure to provide this recommended programming does not warrant a reduction in Currie's sentence.

Currie has not shown an extraordinary and compelling reason for compassionate release.

### B. Section 3553(a) Factors

Even if Currie had identified extraordinary and compelling reasons for a sentence reduction, the Court would have to consider the applicable factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). The violent nature of Currie's crimes—preventing his victim from exiting a car, cutting her thigh with a box cutter while he drove on the highway, inflicting a wound that required 25 stitches, and threatening to burn the shirt she held to the wound when he would not take her directly to the emergency room—convince the Court that Currie poses a danger to the community. Additionally, in Loudoun, Virginia, in 2013, Currie pled guilty to strangling someone to cause wounding or injury. ECF 7. These factors weigh against a sentence reduction. The Court denies Currie's motion for compassionate release.

### III. Conclusion

Because Currie has not shown extraordinary and compelling reasons for a sentence reduction, his motion for compassionate release is denied.

April 10, 2025  
Date

Deborah L. Boardman  
United States District Judge